UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:14-cv-81397-MARRA

FEDERAL TRADE COMMISSION, and
STATE OF FLORIDA,

    Plaintiffs,

  v.

Boost Software, Inc., et al.,

    Defendants.

**PLAINTIFFS'[1] SUPPLEMANTAL MEMORANDUM IN OPPOSITION TO NJB COMPANIES' FIRST MOTION TO QUASH SUBPOENA *DUCES TECUM* ON NON-PARTY NJB COMPANIES, LLC AND FOR PROTECTIVE ORDER [DE 96]**

Pursuant to the Court's July 28, 2015 Minute Order [DE 105], Plaintiffs Federal Trade Commission and the State of Florida (collectively, "Plaintiffs") file this supplemental memorandum in support of Plaintiffs' Opposition to NJB Companies, LLC's ("NJB") Motion [DE 99].

At the conclusion of the July 28, 2015 Hearing on Non-Party NJB's Motion to Quash Plaintiffs' Subpoena and for Entry of a Protective Order ("NJB Motion"), the Court requested supplemental briefing from the parties on whether case law supported the proposition that parties seeking discovery must exhaust all efforts to obtain such discovery from other parties to the litigation before issuing to a non-party a subpoena for documents that might be in the possession of another party. Plaintiffs and the Receiver have researched case law, specifically in the 11th Circuit, and have found overlapping discovery is permissible. Courts in this circuit (and others)

---

[1] David S. Mandel, the Court Appointed Receiver over Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings, LLC ("Receiver"), joins this Supplemental Memorandum.

have permitted overlapping discovery from different sources (including from non-parties) to ensure that the evidence obtained during discovery is complete. Moreover, Plaintiffs have obtained tens of thousands of pages of documents from the defendants and have been unable to locate the documents Plaintiffs seek from NJB.

I. **Overlapping Discovery is Permitted and Parties Need Not Exhaust All Attempts to Obtain Discovery from Another Party Prior to Issuing Potentially Overlapping Discovery to a Non-Party.**

A district court in the Eleventh Circuit has held that overlapping discovery from different sources, including parties and non-parties is proper under the Federal Rules of Civil Procedure.[2] Indeed, courts have held that the "the discovery rules permit a party to request overlapping discovery from different sources, to ensure that the discovery it obtains is as complete as possible,"[3] and the need for discovery from multiple sources is especially great "with respect to electronic documents" because even if one discovery respondent produces all of the documents requested, the discovery recipient "may not use the same procedures to maintain the same documents" as other parties or non-parties.[4]

Another court has noted the difficulties that would arise if the rules required a party to exhaust discovery from other sources prior to issuing potentially overlapping discovery requests to a non-party.[5]

---

[2] *See TQP Dev. LLC v. Alaska Air Group, Inc.,* No. 1: 12-CV-3065-AT-JSA, 2012, U.S. Dist. LEXIS 172767, at *15 (M.D. Fla. Nov. 28, 2012) (The fact that a subpoena *duces tecum* "overlaps with discovery that [plaintiff] could seek from [defendant] is not itself a ground to sustain the objection.")

[3] *Id*. at *14.

[4] *Id*.

[5] *See United States v. Three Bank Accounts*, 2008 U.S. Dist. LEXIS 29992 at *14 (D.S.D. Apr. 2, 2008) stating
> [The claim of duplication] does not protect a person from having to produce documents in the first instance that may also have been produced to the government previously by a third party. Here, in order to satisfy his objection, the government would be required to give [respondent] a complete

2

II.     **Whether Discovery Could Be Obtained From a Party, Prior To Seeking It From a Non-Party, is Simply One Factor The Court Can Use In Considering a Claim of Undue Burden Or Over Breadth.**

While courts have not found a per se need for parties to exhaust discovery against other parties before issuing potentially overlapping discovery to non-parties, courts consider whether the documents at issue could be obtained from a party as one of the factors they weigh when determining if a subpoena imposes an undue burden.[6] Consistent in these holdings and the cases cited in the holdings is the threshold requirement that the respondent has pleaded sufficient facts as to show over breadth and/or a significant undue burden.[7]

NJB has failed to meet its burden to show that the subpoena creates any undue burden. NJB has not provided this Court with any evidence by way of affidavit or declaration supporting a finding of good cause for any of its claims that Plaintiffs' subpoena is unduly burdensome or overbroad.

---

inventory of documents received from other sources and then excuse [respondent] from producing anything that might be duplicative. The government has no such duty….

[6] *See TQP Dev. LLC,* U.S. Dist. LEXIS 172767, at *4:
[T]he Rule specifically imposes on the issuer of the subpoena an affirmative duty to avoid imposing undue burden or expense on the non-party. *See Fed.R.Civ.P. 45(c)(1).* This duty reflects a balancing between the litigants' need to obtain information from non-parties and the need to protect outsiders to the litigation from having to incurring undue burden and expense. Thus, where the requested information can also be obtained from a party, courts have taken a more restrictive approach to compelling Rule 45 discovery from a non-party. *See, e.g., WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 896 (S.D. Ind. 2006) (requiring party to show that it sought information unsuccessfully from a party before resorting to Rule 45 non-party discovery); *Travelers Indem. Co. V. Metropolitan Life Ins*. Co., 228 F.R.D. 111, 114 (D. Conn. 2005).

[7] *See TQP Dev. LLC,* U.S. Dist. LEXIS 172767, at *8-21 (Finding individual requests for documents presumptively originally in possession of the party issuing the subpoena and requests that were vague or overly broad unduly burdensome on the respondent.); *Travelers Indem. Co.*, 228 F.R.D. at 114 ("[S]ubpoenas call for the review of all the documents associated with over 1,000 insurance policies, which are kept in hundreds of boxes stored in numerous branch offices, sub-offices and warehouses in several states."); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 896 (Holding, among other things, that the requests were (1) overbroad, (2) requested irrelevant information, and (3) called for documents "over either an unlimited period of time or, when limited, over seven years.").

### III. Plaintiffs Have Searched Documents They Obtained From the Defendants and Were Unable to Locate the Information They Seek from NJB in Those Documents.

Most importantly, Plaintiffs have obtained voluminous amounts of information from both sets of defendants in this matter and have determined that documents requested in the NJP subpoena are not present in those documents. For example, in addition to Vast Defendants' files obtained from the court-appointed receiver and during the court-ordered immediate access of the Vast Defendants business premises, Plaintiffs also obtained approximately 16,677 documents from Boost Software, Inc.in late November 2014,[8] months prior to issuing third-party discovery to NJB. Repeated searches of these documents using the phrase "NJB Companies" have not identified a single contract or invoice related to NJB Companies, LLC from either set of defendants.[9] In fact, almost all of the 14 documents identified by the search were Vast Defendant QuickBooks spreadsheets or Boost Software-related income statements.[10]

As (1) there is no requirement that Plaintiffs exhaust discovery against the parties before issuing potentially overlapping discovery to non-parties, (2) NJB has failed to produce any evidence that the subpoena is overbroad or imposes an undue burden, and (3) Plaintiffs have already obtained tens of thousands of documents from defendants that do not contain the documents requested pursuant to the NJB subpoena, Plaintiffs respectfully renew their request that this Court deny the NJB Motion and order NJB to respond to Request Nos. 2-12 within 10 days of the denial of NJB's motion.

---

[8] *See Second Supplemental Declaration of Michael Kraemer* ¶ 4(b), attached as Exhibit A.

[9] *Id*. at ¶ 5.

[10] *Id*.

4

Date:  July 30, 2015

                Respectfully submitted,

| */s/ Katherine A. Kiziah* | */s/ J. Ronald Brooke, Jr.* |
|---|---|
| Katherine A. Kiziah | J. Ronald Brooke, Jr. |
| Florida Bar Number 0017585 | Russell Deitch |
| Assistant Attorney General | Florida Special Bar No. A5500529 |
| 1515 N. Flagler Drive | Federal Trade Commission |
| Suite 900 | 600 Pennsylvania Avenue, N.W. |
| West Palm Beach, Florida 33401 | Washington, D.C. 20580 |
| (561) 837-5007 | (202) 326-3484 (J. Brooke) |
| *Counsel for Plaintiff State of Florida* | (202) 326-2585 (R. Deitch) |
| | (202) 326-3395 (facsimile) |
| | jbrooke@ftc.gov; rdeitch@ftc.gov |
| | *Counsel for Plaintiff Federal Trade Commission* |

5

*CERTIFICATE OF SERVICE*

I, J. Ronald Brooke, Jr., hereby certify that on July 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing the foregoing document to be served on the following via the ECF system:

**Plaintiff, State of Florida**

Katherine A. Kiziah
Katherine.Kiziah@myfloridalegal.com

Diane Oates
Diane.Oates@myfloridalegal.com

*Counsel for State of Florida*

**Elliot Loewenstern**

Mark Perry
Mark C Perry Law Offices markperryesq@yahoo.com

Julia A. Farkas Richard W. Epstein Greenspoon Marder, PA Julia.Farkas@gmlaw.com
Richard.Epstein@gmlaw.com

*Counsel for Elliot Loewenstern*

**Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings, LLC**

Peter D. Russin
Meland Russin & Budwick, P.A.
3200 Southeast Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131

*Counsel for David S. Mandel, Court Appointed Receiver over Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings, LLC*

**Boost Software, Inc., and Amit Mehta**

*Alexander Angueira*
*Alexander Angueira, P.L.L.C.*
*Plaza 57, 7301 S.W. 57th Court, Suite 515*
*South Miami, FL 33143*

*Counsel for Boost Software and Amit Mehta*

**NJB Companies, LLC**

*Janet E. Spence, Esquire*
*J.E. Spence, P.A.*

*Counsel for Non-Party NJB Companies, LLC*

And via email as previously agreed on to:

**Mark Donahue** *Pro Se*

*Mark Donohue*
*180 NE 4TH Ave 405*
*Delray Beach, Florida 33483*

**Jon Paul Vasta** *Pro Se*

*18317 Fresh Lake Way*
*Boca Raton, Florida 33498*

And via email and on July 31, 2015, FedEx next day to:

**Jon Paul Holdings, LLC**

*Jon Paul Holdings, LLC*
*C/o Lisa Pompile*
*18317 Fresh Lake Way*
*Boca Raton, Florida 33498*

            */s/ J. Ronald Brooke, Jr.*

            *Counsel for Federal Trade Commission*