UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:14-cv-81397-MARRA

FEDERAL TRADE COMMISSION, and STATE OF FLORIDA

Plaintiffs,
    v.

Boost Software, Inc., et. al.,

Defendants.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO BOOST SOFTWARE, INC.**

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the State of Florida, Office of the Attorney General ("State of Florida") (hereinafter "Plaintiffs"), filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*. (ECF. No. 4).

Plaintiffs and Defendant Boost Software, Inc. ("Boost") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant Boost participated in deceptive acts or practices in violation of Section 5 of the FTC Act, U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and FDUTPA, Section 501.204.

3. Boost neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Boost admits the facts necessary to establish jurisdiction.

4. The parties agree that this Order resolves all allegations in the Complaint.

5. Boost waives and releases any claim it may have against the Plaintiffs and their agents that relate to this action.

6. Boost waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

7. Boost waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Boost"** means Boost Software, Inc. ("Boost Software") and its successors and assigns.

B. "**Plaintiffs**" means the Federal Trade Commission and the State of Florida.

C. "**Tech Support Product or Service**" means any plan, program, software or service, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs and computer or software diagnostic services.

D. "**Upselling**" means soliciting the purchase of goods or services following an initial transaction, including soliciting for the provision of any Tech Support Product or Service or any other customer support, during a one or more telephone calls.

## I.

### PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Boost and its officers, agents, employees, and all other persons who are in active concert and participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of a Tech Support Product or Service, are permanently restrained and enjoined from misrepresenting any material fact, including misrepresenting that they have identified problems on consumers' computers that will affect the performance or security of the consumers' computer.

## II.

### PROHIBITED CONDUCT CONCERNING UPSELLING AND SELLING LEADS

**IT IS FURTHER ORDERED** that Boost is permanently restrained and enjoined, in connection with the sale of any Tech Support Product or Service, from: (1) Upselling; (2) selling leads; and (3) or otherwise assisting in Upselling or selling leads.

### III.

### MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of **Ten Million Four Hundred Sixty Thousand Dollars ($10,460,000)** is entered in favor of the Plaintiffs against Boost as equitable monetary relief.

B. In partial satisfaction of the judgment against Boost, the Clerk of the Court is ordered to pay the Commission **One Hundred Nine Thousand One Hundred Seventy-Five Dollars and Thirty-Eight Cents ($109,175.38)** from the funds deposited by RevenueWire, Inc. into this Court's Rule 67 Registry, pursuant to Docket Entry #83.  Payment shall be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission. Boost stipulates that the funds currently held in the Court Registry are derived from payments made by consumers and attributable to the acts and practices alleged in the Complaint. Therefore, said funds are subject to a constructive trust for consumers, and/or for the Plaintiffs as monies traceable to the acts and practices alleged in the Complaint.  Following the Plaintiffs' receipt of the payment specified in this paragraph, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Boost's sworn financial statements and related documents (collectively, "financial representations") submitted to the Plaintiffs, namely, the Financial Statement of Defendant Boost Software, Inc., signed by Amit Mehta, President of Boost Software, Inc., on January 21, 2015, including the attachments.

D. In the event that payment due under Section III.B of this Order is not made, or the Plaintiffs are not allowed to retain any such payment, the entire judgment amount shall

immediately become due and payable by Boost.  Interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

E.     The suspension of the judgment will be lifted as to Boost if, upon motion by either Plaintiff, the Court finds that Boost failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Boost in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to Section III.B, plus interest computed from the date of entry of this Order.

G.     Boost relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or the State of Florida, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case filed by Boost.

I.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.     Boost acknowledges that its Taxpayer Identification Numbers, which Boost must submit to the Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

K.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as they determine to be reasonably related to Boost's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury or State of Florida Department of Legal Affairs Revolving Trust Fund or any combination of the two, as disgorgement.  Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

## IV.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Boost and its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Boost must provide it, in the form prescribed by the Commission, within 14 days;

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account, including a credit card, bank account, or other

financial account, that Boost obtained prior to entry of this Order in connection with the sale of any Tech Support Product or Service; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after either (1) entry of a stipulated final order against the last remaining defendants or (2) receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.

## COOPERATION

**IT IS FURTHER ORDERED** that Boost must fully cooperate with representatives of the Commission and the State of Florida in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Boost must provide truthful and complete information, evidence, and testimony.  Boost must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that Commission or State of Florida representatives may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as such representative may designate, without the service of a subpoena.

## VI.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Boost obtain acknowledgments of receipt of this Order:

A.  Boost, within 7 days of entry of this Order, must submit to the Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five (5) years after entry of this Order, Boost for any business that Boost, individually or collectively with any other defendant in this proceeding, is the majority owner or controls directly or indirectly must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Boost delivered a copy of this Order, Boost must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Boost make timely submissions to the Plaintiffs:

A.  One year after entry of this Order, Boost must submit a compliance report, sworn under penalty of perjury.  Boost must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiffs may use to communicate with Boost; (b) identify all of Boost's businesses by all of their names,

8

telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant in this proceeding (which Boost must describe if it knows or should know due to Boost's own involvement); (d) describe in detail whether and how Boost is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Plaintiffs.

B.      For ten (10) years after entry of this Order, Boost must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:   (a) any designated point of contact; or (b) the structure of Boost or any entity that Boost has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Boost must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Boost within 14 days of its filing.

D.      Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of

Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  Unless otherwise directed by a State of Florida representative in writing, all submissions to the State of Florida pursuant to this Order must be emailed to wpb.ec@myfloridalegal.com or sent by overnight courier (not the U.S. Postal Service) to:  South Florida Bureau Chief, Consumer Protection Division, State of Florida Office of the Attorney General, 1515 North Flagler Drive, Suite 900, West Palm Beach, Florida 33401-3432. The subject line must begin:  FTC v. Boost Software, Inc., Inc., *et al.* X150040.

## VIII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Boost must create certain records for ten (10) years after entry of the Order, and retain each such record for 5 years.  Specifically, Boost and any business that it, individually or collectively with any other defendant in this proceeding, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.	Accounting records showing the revenues from all goods or services sold;

B.	Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.	Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Plaintiffs; and

E.	Non-duplicative copies of any advertisement or other marketing material, including, web pages, pop ups, email advertisements, and any audio files related to them.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Boost's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representatives of the Commission or the State of Florida, Boost must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, Plaintiffs are authorized to communicate directly with Boost.  Boost must permit representatives of the Commission and the State of Florida to interview any employee or other person affiliated with Boost who has agreed to such an interview.  The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Boost or any individual or entity affiliated with Boost, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

_____ Date: 1/29/16
Russell Deitch
J. Ronald Brooke, Jr.
Florida Special Bar No. A5500529
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3484 (J. Brooke)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov
*Counsel for Plaintiff Federal Trade Commission*

_____ Date:_____
Patricia A. Conners
Florida Bar Number 0361275
Deputy Attorney General
Department of Legal Affairs
OFFICE OF THE ATTORNEY GENERAL
The Capitol
Tallahassee, FL 32399-1050
(850) 245-0140
Trish.Conners@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

_____ Date:_____
Russell Deitch
J. Ronald Brooke, Jr.
Florida Special Bar No. A5500529
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3484 (J. Brooke)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov
*Counsel for Plaintiff Federal Trade Commission*

[signature] Date: 1/21/16
Patricia A. Conners
Florida Bar Number 0361275
Deputy Attorney General
Department of Legal Affairs
OFFICE OF THE ATTORNEY GENERAL
The Capitol
Tallahassee, FL 32399-1050
(850) 245-0140
Trish.Conners@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

**FOR DEFENDANTS:**

_____ Date: 12/6/15
Amit Mehta, for Boost Software, Inc.

_____ Date: 12.16.15
Alexander Angueira
Alexander Angueira, P.L.L.C.

*Attorney for defendant Boost Software, Inc.*

13