UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:14-cv-81397-MARRA

FEDERAL TRADE COMMISSION, and STATE
OF FLORIDA

Plaintiffs,
    v.

Boost Software, Inc., et. al.,

Defendants.

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO SUCCESS CAPITAL, LLC AND ELLIOT LOEWENSTERN

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the State of Florida, Office of the Attorney General ("State of Florida") (hereinafter "Plaintiffs") filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* (ECF. No. 4).

Plaintiffs and Defendants Success Capital, LLC and Elliot Loewenstern (the "Loewenstern Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.     The Complaint charges that the Loewenstern Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and FDUTPA, Section 501.204.

3.     The Loewenstern Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Loewenstern Defendants admit the facts necessary to establish jurisdiction.

4.     The parties agree that this Order resolves all allegations in the Complaint.

5.     The Loewenstern Defendants waive and release any claim they may have against the Plaintiffs and their agents that relate to this action.

6.     The Loewenstern Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

7.     The Loewenstern Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Individual Defendant"** means Elliot Loewenstern.

2. **"Loewenstern Defendants"** means the Individual Defendant and the Loewenstern Corporate Defendant, individually, collectively, or in any combination.

3. **"Loewenstern Corporate Defendant"** means Success Capital, LLC, and its successors, and assigns.

4. **"Plaintiffs"** means the Federal Trade Commission and the State of Florida.



2

5. "**Receiver**" means the receiver appointed in Section IV of this Order and any deputy receivers that shall be named by the receiver.

6. "**Tech Support Product or Service**" means any plan, program, software or service, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs and computer or software diagnostic services.

## I.

## BAN ON TECH SUPPORT PRODUCTS OR SERVICES

**IT IS HEREBY ORDERED** that the Loewenstern Defendants are permanently restrained and enjoined from:

A.      Advertising, marketing, promoting, offering for sale, selling, providing or assisting, or providing consulting services for others engaged in advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service; and

B.      Owning, controlling or serving as an officer, director, or manager of any business entity advertising, marketing, promoting, offering for sale, selling, providing, or assisting or providing consulting services for others engaged in advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service.

## II.

## EQUITABLE MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of **Twenty-Seven Million Five Hundred Thirty-Two Thousand Dollars ($27,532,000.00)** is entered in favor of the Plaintiffs against the Loewenstern Defendants, jointly and severally, as equitable monetary relief.

3

B.      Defendant Loewenstern is ordered to pay to the Plaintiffs, **One Hundred Twenty-Five Thousand Dollars ($125,000).**  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Plaintiffs.   Upon such payment and all other asset transfers in Subsections C and D of this Section related to the liquidation of Success Capital, LLC, the remainder of the judgment is suspended, subject to the Subsections E, F, and G below.

C.      Effective upon the entry of this Order, the Loewenstern Defendants shall surrender to the Receiver all control, title, dominion, and interest in all assets of the Loewenstern Corporate Defendant, including all Loewenstern Corporate Defendant assets in the possession of the Receiver.

D.      The Loewenstern Defendants shall, within ten (10) days of entry of this Order, execute such documents as necessary to transfer titles or possession of all Loewenstern Corporate Defendant assets in the possession of the Receiver.  The Receiver is hereby directed to market and sell the Loewenstern Corporate Defendant assets. The Loewenstern Defendants shall take all steps necessary to assist the Receiver in the sale of the Loewenstern Corporate Defendant assets and shall not add any encumbrances on the Loewenstern Corporate Defendant assets. Any transfer fees, taxes, or other payments mandated from the transferor under law shall be paid from the proceeds of each sale at the time such asset is sold.

E.      The Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Loewenstern Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Plaintiffs, namely:  the Financial Statement of Individual Defendant Elliot Loewenstern

4



signed on March 22, 2015,and attachments, including, tax returns of Defendant Success Capital, LLC.

F.     The suspension of the judgment will be lifted as to all Loewenstern Defendants if, upon motion by the Commission and/or the State of Florida, the Court finds that a Loewenstern Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to all Loewenstern Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.     The Loewenstern Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a non-discharge ability complaint in any bankruptcy case.

J.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.



5

K.    The Loewenstern Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Loewenstern Defendants must submit to the Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.    All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida, to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Plaintiffs decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Loewenstern Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief shall be divided between the Commission and the State of Florida to be deposited to the U.S. Treasury as disgorgement and the State of Florida Department of Legal Affairs Escrow Fund.  Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.



## III.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Loewenstern Defendants, the Loewenstern Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information in their possession, custody or control to enable the Plaintiffs to efficiently administer consumer redress. If a representative of the Plaintiffs request in writing any information related to redress in the possession, custody or control of the Loewenstern Defendants, the Loewenstern Defendants must provide it, in the form prescribed by the Plaintiffs, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Loewenstern Defendant obtained prior to entry of this Order in connection with the sale of the Loewenstern Defendants' Tech Support Products or Services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after either (1) entry of a stipulated final order against the last remaining defendants or (2) receipt of written direction to do so from a representative of the Plaintiffs.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.



7

## IV.

## APPOINTMENT OF RECEIVER TO LIQUIDATE ASSETS AND WIND DOWN THE LOEWENSTERN CORPORATE DEFENDANT

**IT IS FURTHER ORDERED** that David S. Mandel, the Receiver appointed by prior orders of this court, is hereby appointed Receiver for the purpose of taking the necessary steps to liquidate the assets of the Loewenstern Corporate Defendant turned over pursuant to Section II of this order, and pay any net proceeds to the Plaintiffs to satisfy the monetary judgment in this order. In carrying out these duties, the Receiver shall be the agent of this court, shall be accountable directly to this court, and is authorized and directed to:

A.     Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the Loewenstern Corporate Defendant assets until their sale;

B.     Sell the Loewenstern Corporate Defendant assets without further order of the court;

C.     Enter into agreements in connection with the reasonable and necessary performance of the Receiver's duty to sell the Loewenstern Corporate Defendant assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets; and

D.     Distribute to the Plaintiffs, without further order of the court, the funds received from the sale of the Loewenstern Corporate Defendant assets; and

E.     ·Take any and all steps that the Receiver concludes are appropriate to wind down the Loewenstern Corporate Defendant.

## V.

## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for

8

the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Loewenstern Corporate Defendant. The Receiver must not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## VI.

### RECEIVER'S FINAL REPORT AND DISBURSEMENT OF ASSETS OF THE LOEWENSTERN CORPORATE DEFENDANT

**IT IS FURTHER ORDERED** that:

A.      The Receiver shall liquidate the assets of the Loewenstern Corporate Defendant as soon as practicable. No later than ninety (90) days from the date of the entry of this Order, the Receiver shall file and serve on the parties a report (the "Final Report on the Loewenstern Corporate Defendant") to the Court that details the steps taken to dissolve the Loewenstern Corporate Defendant Receivership Estate. The Final Report on the Loewenstern Corporate Defendant shall include an accounting of the Loewenstern Corporate Defendant Receivership Estate's finances and total assets and a description of what other actions, if any, must be taken to wind-down the Receivership. The Receiver shall mail copies of the Final Report on the Loewenstern Corporate Defendant to all known creditors of the Loewenstern Corporate Defendant with a notice stating that any objections to paying any assets of the Loewenstern Corporate Defendant to satisfy the Receiver's costs and expenses and the monetary judgment set forth in this Order must be submitted to the Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Final Report on the Loewenstern Corporate Defendant. If subsequent actions (such as the completion of tax returns or further actions to recover funds for the Loewenstern Corporate Defendant Receivership Estate) are appropriate, the Receiver shall file an additional report or reports ("Supplemental Report") describing the

9



subsequent actions and a subsequent application for the payment of fees and expenses related to the subsequent acts.

B.     The Court will review the Final Report on the Loewenstern Corporate Defendant and any objections to the Final Report on the Loewenstern Corporate Defendant and, absent a valid objection, will issue an order directing the Receiver to: (1) pay the reasonable costs and expenses of administering the Loewenstern Corporate Defendant Receivership Estate, including the compensation of the Receiver and the Receiver's personnel authorized by Section V (Compensation of Receiver) of this Order or other orders of this Court, and the actual out-of-pocket costs incurred by the Receiver in carrying-out his duties; and (2) pay all remaining funds to the Plaintiffs as partial satisfaction of the judgment.

C.     With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a Supplemental Report. If the Receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve fund after the payments of fees and expenses approved by the Court in response to such a supplemental application, all funds remaining in the reserve fund shall be immediately paid to the Plaintiffs or their designated agent.

## VII.

## TERMINATION OF THE RECEIVERSHIP

**IT IS FURTHER ORDERED** that the Receiver must complete all duties within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.



## VIII.

## COOPERATION

**IT IS FURTHER ORDERED** that the Loewenstern Defendants must fully cooperate

with representatives of the Commission and the State of Florida in this case and in any

investigation related to or associated with the transactions or the occurrences that are the subject

of the Complaint. The Loewenstern Defendants must provide truthful and complete information,

evidence, and testimony. Individual Defendant Loewenstern must appear and Success Capital,

LLC, must cause its officers, employees, representatives, or agents to appear for interviews,

discovery, hearings, trials, and any other proceedings that Commission or State of Florida

representatives may reasonably request upon 5 days written notice, or other reasonable notice, at

such places and times as such representative may designate, without the service of a subpoena.

## IX.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Loewenstern Defendants obtain

acknowledgments of receipt of this Order:

A.      Each Loewenstern Defendant, within 7 days of entry of this Order, must submit to the

Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Individual Defendant for any business

that such Loewenstern Defendant, individually or collectively with any other Defendants, is the

majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a

copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2)

all employees, agents, and representatives who participate in conduct related to the subject

matter of the Order; and (3) any business entity resulting from any change in structure as set

11

forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Loewenstern Defendant delivered a copy of this Order, that Loewenstern Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Loewenstern Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Loewenstern Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Loewenstern Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiffs may use to communicate with Loewenstern Defendant; (b) identify all of that Loewenstern Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant (which Individual Defendant Loewenstern must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Loewenstern Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.



12

2.      Additionally, Individual Defendant Loewenstern must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Defendant Loewenstern performs services whether as an employee or otherwise and any entity in which Individual Defendant Loewenstern has any ownership interest; and (c) describe in detail Individual Defendant Loewenstern's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For ten (10) years after entry of this Order, each Loewenstern Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Loewenstern Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant Loewenstern must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Loewenstern Defendant must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Loewenstern Defendant within 14 days of its filing.

13

D.      Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a representative of the Plaintiffs in writing, all submissions to the Plaintiffs pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580; and South Florida Bureau Chief, Consumer Protection Division, Florida Attorney General, 1515 N. Flagler Drive, Suite 900, West Palm Beach, FL, 33401. The subject line must begin: FTC v. Boost Software, Inc., LLC, et al., Matter Number X150040.

## XI.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that the Loewenstern Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for 5 years. Specifically, the Loewenstern Defendants for any business that they, individually or collectively with any other defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

14

C.       Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D.       All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Plaintiffs; and

E.       A copy of each unique advertisement or other marketing material.

## XII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Loewenstern Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.       Within 14 days of receipt of a written request from a representatives of the Commission or the State of Florida, each Loewenstern Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Loewenstern Defendant.  The Loewenstern Defendants must permit representatives of the Commission and the State of Florida to interview any employee or other person affiliated with any Loewenstern Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

15

C.      Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Loewenstern Defendants or any individual or entity affiliated with the Loewenstern Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits Plaintiffs' lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission or the State of Florida, any consumer reporting agency must furnish consumer reports concerning Individual Defendant Loewenstern, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.

## RETENTION OF JURISDICTION

        IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


SO ORDERED this 3nd day of Ƒᴇᴄ/ᴜᴀᴿ Ƴ , 2016.


_____

UNITED STATES DISTRICT JUDGE

KᴇᴜᴊᴇᴛH A. mᴀᴿᴿᴀ


SO STIPULATED AND AGREED:

FOR PLAINTIFF:

_____ Date: 1/29/16

Russell Deitch
J. Ronald Brooke, Jr.
Florida Special Bar No. A5500529
Federal Trade Commission

_____ Date: 2/2/16

Katherine A. Kiziah
Florida Bar Number 0017585
1515 N. Flagler Drive
Suite 900

16

600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3484 (J. Brooke)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov
*Counsel for Plaintiff Federal Trade Commission*

West Palm Beach, Florida 33401
(561) 837-5000 (Telephone)
(561) 837-5109 (Fax)
katherine.kiziah@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

**FOR LOEWENSTERN DEFENDANTS**

_____ Date: 9/2/2015

Mark C. Perry/Law Offices of Mark C. Perry, P.A.
*Counsel for Elliot Loewenstern*

_____ Date: 9/1/15

Elliot Loewenstern, Individually, and for
Success Capital, LLC, Defendant

17