UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:14-cv-81397-MARRA

FEDERAL TRADE COMMISSION, and STATE OF FLORIDA

Plaintiffs,
v.

Boost Software, Inc., et. al.,

Defendants.

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO AMIT MEHTA

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the State of Florida, Office of the Attorney General ("State of Florida") (hereinafter "Plaintiffs"), filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* (ECF. No. 4).

Plaintiffs and Defendant Amit Mehta stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.  This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant Mehta participated in deceptive acts or practices in violation of Section 5 of the FTC Act, U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and FDUTPA, Section 501.204.

3. Defendant Mehta neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Mehta admits the facts necessary to establish jurisdiction.

4. The parties agree that this Order resolves all allegations in the Complaint against Defendant Mehta.

5. Defendant Mehta waives and releases any claim he may have against the Plaintiffs and their agents that relate to this action.

6. Defendant Mehta filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 6, 2015. *In re Amit Mehta*, No. 15-11310 (Bankr. D. Mass.) ("Mehta Bankruptcy Case"). Plaintiffs' prosecution of this action, including the entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action, are actions to enforce the Plaintiffs' police or regulatory powers. As a result, if the Mehta Bankruptcy Case is pending as of the date of entry of this Order, then these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

7. Defendant Mehta waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

8. Defendant Mehta waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Plaintiffs"** means the Federal Trade Commission and the State of Florida.

B. **"Registry Cleaner"** means any program designed for the Microsoft Windows operating system, whose purpose is to remove unnecessary, redundant, invalid, or damaged items from the Windows registry.

C. **"Tech Support Product or Service"** means any plan, program, software or service, marketed to repair, maintain or improve a computer's performance or security, including Registry Cleaners, anti-virus programs and computer or software diagnostic services.

D. **"Upselling"** means soliciting the purchase of goods or services following an initial transaction, including soliciting for the provision of any Tech Support Product or Service or any other customer support, during a one or more telephone calls.

## I.

## PROHIBITION AGAINST MISREPRESENTATIONS

IT IS HEREBY ORDERED that Defendant Mehta and his agents, employees, and all other persons who are in active concert and participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of a Tech Support Product or Service, are permanently restrained and enjoined from misrepresenting that a scan of a consumer's computer has identified problems on consumer's computers that will affect the performance or security of the consumer's computer.

## II.

## PROHIBITED CONDUCT CONCERNING REGISTRY CLEANERS AND UPSELLING

IT IS FURTHER ORDERED that Defendant Mehta is permanently restrained and enjoined from: (1) assisting in Upselling; or (2) otherwise selling leads to any entity providing a Tech Support Product or Service.

## III.

## MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of **One Million Four Hundred Thousand Dollars ($1,400,000)** is entered in favor of the Plaintiffs against Defendant Mehta as equitable monetary relief. The judgment is suspended subject to the Subsections below.

B. The Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the material truthfulness of:

    1. Defendant Mehta's sworn financial statements and related documents (collectively, "financial representations") submitted to the Plaintiffs, namely, the Updated Financial Statement of Defendant Amit Mehta signed on October 21, 2015, including the attachments, and

    2. The Chapter 7 bankruptcy petition, supporting schedules, and statement of financial affairs (including any amendments thereto) filed in the Mehta Bankruptcy Case.

C. Defendant Mehta further agrees:

    1. That the judgment ordered by Subsection A of this Section is not dischargeable in bankruptcy;

    2. To the filing by the Plaintiffs in the Mehta Bankruptcy Case of a:

    a. Complaint to Determine Nondischargeability of Debt Owed to the Plaintiffs (in the form attached as Attachment A); and

    b. Stipulated Judgment for Nondischargeability of Debt Owed to the Plaintiffs (in the form attached as Attachment B), which Defendant Mehta has executed concurrently with this Order, determining that the equitable monetary relief ordered by this Section, including the conditions set forth in paragraphs D and E of this Section, is excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

    3. To the allowance of general unsecured claims in the Mehta Bankruptcy Case under Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in favor of each of the Plaintiffs in the amount of **$1,400,000**, less the sum of any payments previously made, and that the Plaintiffs are entitled to participate in any distributions made to creditors in the Mehta Bankruptcy Case, on account of the Plaintiffs' filed, general unsecured proofs of claim.

D. The suspension of the judgment will be lifted as to Defendant Mehta only if, upon motion by either Plaintiff, the Court finds that Defendant Mehta failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above in Section III.B.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant Mehta in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of funds Defendant Mehta received related to the consumer injury alleged in the Complaint), plus interest computed from the date of entry of this Order.

F.	Defendant Mehta acknowledges that his Taxpayer Identification Numbers (Social Security Number or Employer Identification Numbers), which Defendant Mehta must submit to the Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

G.	All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida, to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Plaintiffs decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as Plaintiffs determine to be reasonably related to Defendant Mehta's practices alleged in the Complaint. Any money not used for such equitable relief shall be divided between the Commission and the State of Florida to be deposited to the U.S. Treasury as disgorgement and the State of Florida Department of Legal Affairs Escrow Fund. Defendant Mehta has no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

## IV.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant Mehta and his agents, employees, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.	Failing to provide sufficient customer information within his possession, custody or control to enable the Plaintiffs to efficiently administer consumer redress. If a representative of

the Plaintiffs requests in writing any information related to redress, Defendant Mehta must provide it, in the form prescribed by the Plaintiffs, within 14 days;

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account, including a credit card, bank account, or other financial account, that Boost Software, Inc., obtained prior to entry of this Order in connection with the sale of any Tech Support Product or Service; and

C.  Failing to destroy such customer information in all forms in his possession, custody, or control within 30 days after either (1) entry of a stipulated final order against the last remaining defendants in this proceeding or (2) receipt of written direction to do so from a representative of the Plaintiffs.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.

## COOPERATION

IT IS FURTHER ORDERED that Defendant Mehta will cooperate with representatives of the Commission and the State of Florida in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant Mehta must provide truthful and complete information, evidence, and testimony. Defendant Mehta must appear for interviews, discovery, hearings, trials, and any other proceedings that Commission or State of Florida representatives may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as such representative may designate, without the service of a subpoena.

## VI.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant Mehta obtain acknowledgments of receipt of this Order:

A.   Defendant Mehta, within 7 days of entry of this Order, must submit to the Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For five (5) years after entry of this Order, Defendant Mehta, for any business for which he individually or collectively with any other defendant in this proceeding is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives for any business related to the marketing, advertising, promotion, distribution, offering for sale, or sale of a Tech Support Product or Service; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within

7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant Mehta delivered a copy of this Order, Defendant Mehta must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant Mehta make timely submissions to the Plaintiffs:

A.      One year after entry of this Order, Defendant Mehta must submit a compliance report, sworn under penalty of perjury:

1.      Defendant Mehta must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiffs may use to communicate with him; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant in this proceeding (which Defendant Mehta must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Plaintiffs.

2.      Additionally, Defendant Mehta must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business

activities, including any business for which Defendant Mehta performs services whether as an employee or otherwise and any entity in which Defendant Mehta has any ownership interest; and (c) describe in detail Defendant Mehta's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, Defendant Mehta must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant Mehta must report any change in: (a) any designated point of contact; or (b) the structure of Boost Software, Inc., or any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendant Mehta must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant Mehta must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him, Boost Software, Inc., or any entity in which he has any ownership interest within 14 days of its filing.

D. Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. Unless otherwise directed by a State of Florida representative in writing, all submissions to the State of Florida pursuant to this Order must be emailed to wpb.ec@myfloridalegal.com or sent by overnight courier (not the U.S. Postal Service) to:  South Florida Bureau Chief, Consumer Protection Division, State of Florida Office of the Attorney General, 1515 North Flagler Drive, Suite 900, West Palm Beach, Florida 33401-3432. The subject line must begin:  FTC v. Boost Software X150040.

## VIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendant Mehta must create certain records for ten (10) years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant Mehta for any business that he, individually or collectively with any other defendant in this proceeding, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Plaintiffs; and

E.  Non-duplicative copies of any advertisement or other marketing material, including, web pages, pop ups, email advertisements, and any audio files related to them.

## IX.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant Mehta's compliance with this Order, including the financial representations upon which the judgment was suspended:

A.  Within 14 days of receipt of a written request from a representatives of the Commission or the State of Florida, Defendant Mehta must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, Plaintiffs are authorized to communicate directly with Defendant Mehta. Defendant Mehta must permit representatives of the Commission and the State of Florida to interview any employee or other person affiliated with Defendant Mehta who has agreed to such an interview. The person interviewed may have counsel present.

C.  Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendant Mehta or any entity in

which he has any ownership interest, or any individual or entity affiliated with Defendant Mehta, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission or the State of Florida, any consumer reporting agency must furnish consumer reports concerning Defendant Mehta, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 3rd day of FEBRUARY, 2016.

_____
UNITED STATES DISTRICT JUDGE
KENNETH A. MARRA

SO STIPULATED AND AGREED:

**FOR PLAINTIFFS:**

_____ Date: 2-2-16
Russell Deitch
J. Ronald Brooke, Jr.
Florida Special Bar No. A5500529
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3484 (J. Brooke)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov
*Counsel for Plaintiff Federal Trade Commission*

_____ Date: 1/21/16
Patricia A. Conners
Florida Bar Number 0361275
Deputy Attorney General
Department of Legal Affairs
OFFICE OF THE ATTORNEY GENERAL
The Capitol
Tallahassee, FL 32399-1050
(850) 245-0140
Trish.Conners@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

**FOR DEFENDANTS:**

_____ Date: 12/16/15
Defendant Amit Mehta

_____ Date: 12-16-15
Alexander Angueira
Alexander Angueira, P L.L.C.

*Attorney for Defendant Amit Mehta*

14