**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 9:14-cv-81397-MARRA

FEDERAL TRADE COMMISSION and STATE
OF FLORIDA

Plaintiffs,

    v.

Boost Software, Inc., et. al.,

Defendants.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY**
**JUDGMENT AS TO VAST TECH SUPPORT, LLC AND OMG TECH HELP, LLC**

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the State of

Florida, Office of the Attorney General ("State of Florida") (hereinafter "Plaintiffs") filed a

Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to

Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b)

and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing

Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Fla. Stat. § 501.201 *et seq*. (ECF. No. 4).

Plaintiffs and Defendants Vast Tech Support, LLC and OMG Tech Help, LLC (the "Vast

Defendants") through the Court-Appointed Receiver, stipulate to the entry of this Stipulated

Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in

dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

2.      The Complaint charges that the Vast Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and FDUTPA, Section 501.204.

3.      The Vast Defendants are in default.

4.      The Court-Appointed Receiver has determined that the Vast Defendants could not be operated legally or profitably.

5.      The Vast Defendants' unlawful sale of Tech Support Products and Services at issue in this case generated more than $51 million in net payments from consumers.  The Vast Defendants received approximately $27,227,272 of those consumer payments.

6.      The parties agree that this Order resolves all allegations in the Complaint.

7.      The Vast Defendants waive and release any claim they may have against the Plaintiffs and their agents that relate to this action.

8.      The Vast Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

9.      The Vast Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      **"Electronically Stored Information" or "ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs,

2

charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on:  cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

2.  "**Plaintiffs**" means the Federal Trade Commission and the State of Florida.

3.  **"Receiver"** means the receiver appointed in Section VI of this Order and any deputy receivers that shall be named by the receiver.

4.  "**Tech Support Product or Service**" means any plan, program, software, or service marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs and computer or software diagnostic services.

5.  "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

6.  **"Vast Defendants"** means Vast Tech Support, LLC and OMG Tech Help, LLC, and their successors, and assigns.

## I.

## BAN ON TECH SUPPORT PRODUCTS OR SERVICES

**IT IS HEREBY ORDERED** that the Vast Defendants are permanently restrained and enjoined from:

A.      Advertising, marketing, promoting, offering for sale, selling, providing or assisting, or providing consulting services for others engaged in advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service; and

B.      Owning or controlling any business entity advertising, marketing, promoting, offering for sale, selling, providing, or assisting or providing consulting services for others engaged in advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service.

## II.

## PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that the Vast Defendants, the Vast Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby permanently restrained and enjoined from:

A.      Misrepresenting, directly or indirectly, expressly or by implication, any material fact; or

B.      Any acts or practices that violate FDUPTA, Chapter 501, Part II, Florida Statutes, including, but not limited to, the use of any false or misleading statement to induce any person to pay for goods or services in connection with the marketing, advertising, promotion, distribution, offering for sale of any goods or services.

4

## III.

### PROHIBITION AGAINST DECEPTIVE TELEMARKETING

**IT IS FURTHER ORDERED** that the Vast Defendants, the Vast Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the Telemarketing of any product or service, are permanently restrained and enjoined from:

A.      Making a false or misleading statement to induce any person to pay for goods or services or to induce a charitable contribution; or

B.      Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as **Attachment A.**

### IV.

### EQUITABLE MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of **Twenty-Seven Million Two Hundred Twenty-Seven Thousand Two Hundred Seventy-Two Dollars ($27,227,272)** is entered in favor of the Plaintiffs against the Vast Defendants, jointly and severally, as equitable monetary relief.

B.      Effective upon the entry of this Order, the Vast Defendants shall surrender to the Receiver all control, title, dominion, and interest in all assets of Vast Defendants, including all of the Vast Defendants' assets in the possession of the Receiver.

C.      If necessary, the Vast Defendants shall, within ten (10) days of entry of this Order, execute such documents as necessary to transfer titles or possession of all of the Vast Defendants' assets in the possession of the Receiver.  The Receiver is hereby directed to market and sell the Vast Defendants' assets.  Any transfer fees, taxes, or other payments mandated from

the transferor under law shall be paid from the proceeds of each sale at the time such asset is sold.

D.      The Vast Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

E.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce Plaintiffs' rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case.

F.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G.      The Vast Defendants acknowledge that their Taxpayer Identification Numbers (Employer Identification Numbers), which Vast Defendants must submit to the Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

H.      All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida, to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Plaintiffs decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Vast Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief

shall be divided between the Commission and the State of Florida to be deposited to the U.S. Treasury as disgorgement and the State of Florida Department of Legal Affairs Escrow Fund. Defendants in this proceeding have no right to challenge any actions the Plaintiffs, the Receiver or their representatives may take pursuant to this Subsection.

## V.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that:

A.      The Vast Defendants, the Vast Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

1.      Failing to provide sufficient customer information to enable the Plaintiffs to efficiently administer consumer redress.  If a representative of the Plaintiffs request in writing any information related to redress, the Vast Defendants must provide it, in the form prescribed by the Plaintiffs, within 14 days;

2.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Vast Defendant obtained prior to entry of this Order in connection with the sale of the Vast Defendants' Tech Support Product or Service; and

3.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Plaintiffs, which shall occur no earlier than following the entry of a final order against the last remaining defendant in this case.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order; and

B.      The Receiver shall provide sufficient customer information to enable the Plaintiffs to efficiently administer consumer redress.  If a representative of the Plaintiffs request in writing any information related to redress, the Receiver must provide it, in the form prescribed by the Plaintiffs, within 14 days.

## VI.

## APPOINTMENT OF RECEIVER TO LIQUIDATE THE VAST DEFENDANTS' ASSETS, WIND DOWN THE VAST DEFENDANTS, AND STORE THE VAST DEFENDANTS' ESI

**IT IS FURTHER ORDERED** that David S. Mandel, the receiver appointed by prior orders of this court, is hereby appointed Receiver for the purpose of taking the necessary steps to liquidate the assets of the Vast Defendants, and pay any net proceeds to the Plaintiffs to satisfy the monetary judgment in this order, and wind down the Vast Defendants. In carrying out these duties, the Receiver shall be the agent of this court, shall be account able directly to this court, and is authorized and directed to:

A.      Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of the Vast Defendants' assets until their sale;

B.      Sell the Vast Defendants' assets without further order of the court;

C.      Enter into agreements in connection with the reasonable and necessary performance of the Receiver's duty to sell the Vast Defendants' assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these assets;

8

D.      Distribute to the Plaintiffs, without further order of the court, the funds received from the sale of the Vast Defendants' assets;

E.      Take any and all steps that the Receiver concludes are appropriate to wind down the Vast Defendants; and

F.      Store and secure the Vast Defendants' ESI until either entry of a stipulated final order against the last remaining Defendant in this proceeding or receipt of written direction to do so from a representative of the Plaintiffs.  The Receiver is authorized to use up to $30,000 of Receivership funds to pay for the storing, securing, and destruction of the Vast Defendants' ESI.

Within 30 days of receipt of written direction to do so from a representative of the Plaintiffs, which shall occur no earlier than following the entry of a final order against the last remaining defendant in this case, the Receiver shall liquidate all hardware related to the Vast Defendants' ESI, after insuring all customer information has been deleted.

## VII.

## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Vast Defendants. The Receiver must not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## VIII.

## RECEIVER'S FINAL REPORT AND DISBURSEMENT OF ASSETS OF THE VAST DEFENDANTS

### IT IS FURTHER ORDERED that:

A.     The Receiver shall liquidate the assets of the Vast Defendants, other than the ESI, as soon as practicable. No later than ninety (90) days from the date of the entry of this Order, the Receiver shall file and serve on the parties a report (the "Final Report on the Vast Defendants") to the Court that details the steps taken to dissolve the Vast Defendants Receivership Estate. The Final Report on the Vast Defendants shall include an accounting of the Vast Defendants Receivership Estate's finances and total assets and a description of what other actions, if any, must be taken to wind-down the Receivership. The Receiver shall mail copies of the Final Report on the Vast Defendants to all known creditors of the Vast Defendants with a notice stating that any objections to paying any assets of the Vast Defendants to satisfy the Receiver's costs and expenses and the monetary judgment set forth in this Order must be submitted to the Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Final Report on the Vast Defendants. If subsequent actions (such as the completion of tax returns or further actions to recover funds for the Vast Defendants Receivership Estate) are appropriate, the Receiver shall file an additional report or reports ("Supplemental Report") describing the subsequent actions and a subsequent application for the payment of fees and expenses related to the subsequent acts.

B.     The Court will review the Final Report on the Vast Defendants and any objections to the Final Report on the Vast Defendants and, absent a valid objection, will issue an order directing the Receiver to: (1) pay the reasonable costs and expenses of administering the Vast Defendants Receivership Estate, including the compensation of the Receiver and the Receiver's personnel

10

authorized by Section VII (Compensation of Receiver) of this Order or other orders of this Court, and the actual out-of-pocket costs incurred by the Receiver in carrying-out his duties; and (2) pay all remaining funds to the Plaintiffs as partial satisfaction of the judgment.

C.       With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a Supplemental Report.  If the Receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve fund after the payments of fees and expenses approved by the Court in response to such a supplemental application, all funds remaining in the reserve fund shall be immediately paid to the Plaintiffs or their designated agent.

D.       Upon Court approval of the Final Report, the Clerk of the Court is directed to return the Receiver's bond in the amount of $25,000 filed in this action as a requisite pursuant to the Temporary Restraining Order [DE 13].

## IX.

## TERMINATION OF THE RECEIVERSHIP

**IT IS FURTHER ORDERED** that the Receiver must complete all duties, except the storing of ESI, within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.

## X.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that the Vast Defendants obtain acknowledgments of receipt of this Order:

11

A.      Each Vast Defendant, within 7 days of entry of this Order, must submit to the

Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Vast Defendant must deliver a copy of

this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all

employees, agents, and representatives; and (3) any business entity resulting from any change

in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within

7 days of entry of this Order for current personnel. For all others, delivery must occur before

they assume their responsibilities.

C.      From each individual or entity to which a Vast Defendant delivered a copy of this Order,

that Vast Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt

of this Order.

## XI.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Vast Defendants make timely submissions to the

Commission:

A.      One year after entry of this Order, each Vast Defendant must submit a compliance report,

sworn under penalty of perjury:

1.      Each Vast Defendant must: (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which representatives of the

Plaintiffs may use to communicate with Vast Defendant; (b) identify all of that Vast Defendant's

businesses by all of their names, telephone numbers, and physical, postal, email, and Internet

addresses; (c) describe the activities of each business, including the goods and services offered,

the means of advertising, marketing, and sales, and the involvement of any other defendant; (d)

12

describe in detail whether and how that Vast Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Plaintiffs.

B.      For ten (10) years after entry of this Order, each Vast Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Vast Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of that Vast Defendant or any entity that the Vast Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Each Vast Defendant must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Vast Defendant within 14 days of its filing.

D.      Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a representative of the Plaintiffs in writing, all submissions to the Plaintiffs pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC  20580; and South Florida Bureau Chief, Consumer Protection Division, Florida Attorney

General, 1515 N. Flagler Drive, Suite 900, West Palm Beach, FL, 33401.  The subject line must

begin:  FTC v. Boost Software, Inc., LLC, et al.

## XII.

### RECORDKEEPING

IT IS FURTHER ORDERED that the Vast Defendants must create certain records for ten

(10) years after entry of the Order, and retain each such record for 5 years.  Specifically, the Vast

Defendants for any business that they, individually or collectively with any other defendants, is a

majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee

or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of

service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or

indirectly, such as through a third party, and any response; and

D.      All records necessary to demonstrate full compliance with each provision of this Order,

including all submissions to the Plaintiffs; and

E.      A copy of each unique advertisement or other marketing material.

## XIII.

### COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring the Vast Defendants'

compliance with this Order:

14

A.      Within 14 days of receipt of a written request from a representatives of the Commission or the State of Florida, each Vast Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Vast Defendant.  The Vast Defendants must permit representatives of the Commission and the State of Florida to interview any current employee or other person affiliated with any Vast Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Vast Defendants or any individual or entity affiliated with the Vast Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2016.**

_____
UNITED STATES DISTRICT JUDGE

15

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

_____Date: 3 Jun 16

Russell Deitch
J. Ronald Brooke, Jr.
Florida Special Bar No. A5500529
Federal Trade Commission
600 Pennsylvania Avenue. N.W.
Washington, D.C. 20580
(202) 326-3484 (J. Brooke)
(202) 326-2585 (R. Deitch)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov
*Counsel for Plaintiff Federal Trade
Commission*

_____Date: 6/14/16

Patricia A. Conners
Florida Bar Number 0361275
Deputy Attorney General
Department of Legal Affairs
OFFICE OF THE ATTORNEY
GENERAL
The Capitol
Tallahassee, FL 32399-1050
(850) 245-0140
Trish.Conners@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

**FOR VAST TECH SUPPORT, LLC AND OMG TECH HELP, LLC
DEFENDANTS**

_____Date: 2/2⁹/16

David S. Mandel
MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
dmandel@mandel-law.com

*Receiver for Vast Tech Support, LLC And
OMG Tech Help, LLC*